IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Eric and Amy McCrann | ) | In Proceedings Under Chapter 13 |
| | ) | |
| | ) | Case No. 07-15671 |
| | ) | |
| Debtors | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |

Eric and Amy McCrann's Second Brief in Support of Opposition
to the Trustee's Objection to Plan Confirmation

Eric and Amy McCrann, by and through undersigned counsel, hereby submit this Second Brief in Support of Opposition to the Trustee's Objection to Plan Confirmation.

I. **STATEMENT OF FACTS**

On July 28, 2007, Eric and Amy McCrann ("McCranns") filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

In accordance with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the McCranns completed Form B22 and included mortgage payments for property they intend to surrender in the future (although they moved out of the property pre-petition). In addition, the McCranns included payments on a Ford Mustang, which they intend to surrender post-petition.

The Trustee specifically objects to plan confirmation as follows:

DISPOSABLE INCOME/COMMITMENT PERIOD: The Trustee either does not believe or cannot determine if the Debtor(s) is/are devoting all of his/her/their projected disposable income in the applicable commitment period to the plan. Specifically, the Debtors have included deductions on form B22C for ongoing payments on debts secured by property which the Debtors have already abandoned (real estate located at 47 Edgewood Drive, Grafton, Ohio) and/or are intending to surrender (a 1992 Ford Mustang).

The McCranns respectfully assert that they are entitled to these allowances even though they moved out of the real property pre-petition. In addition, the law is clear with respect to the motor vehicle which they intend to surrender post-petition.

## II. LAW AND ARGUMENT

This Court maintains jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and under this District's General Order No. 84. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

There is one issue in this matter: whether moving out of property pre-petition affects whether the payments due on an obligation secured by a consensual lien on the property are contractually due. In other words, do the debtors still owe the money even when they walk away from the real estate?

The act of Debtors' moving out of the property did nothing to change the fact that the payments to the mortgagee are still contractually due.

The stating point to any statutory analysis is the statute itself. Varity Corp. v. Howe, 516 U.S. 489, 528 (1996), *quoting* Ernst & Ernst v. Hochfelder, 425 U.S. 185, 197 (1976). *See also,* Gustafson v. Alloyd Co., 513 U.S. 561, 584, *quoting* Landreth Timber Co. v. Landreth, 471 U.S. 681, 685 (1985). What is more, the Supreme Court, when construing other provisions of the Bankruptcy Code, has held:

> Congress "says in a statute what it means and means in a statute what it says there," Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (1992). As we have previously noted in construing another provision of § 506, when "the statute's language is plain, 'the sole function of the courts'" -- at least where the disposition required by the text is not absurd – "'is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) (*quoting* Caminetti v. United States, 242 U.S. 470, 485, 61 L. Ed. 442, 37 S. Ct. 192 (1917)).

Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000).

In this matter, the statute at issue, 11 U.S.C. § 707(b)(2)(A)(iii)(I) states:

> The debtor's average monthly payments on account of secured debts shall be calculated as the sum of-- the total of all amounts scheduled <u>as contractually due</u> to secured creditors in each month of the 60 months following the date of the petition.

(Emphasis added). Section 707(b)(2)(A)(iii)(I) is not ambiguous. <u>In re Hayes</u>, 2007 Bankr. LEXIS 3252, *22 (Bankr. D.Mass. 2007).

Other courts in the Sixth Circuit, when faced with interpretation of the above-statute, have followed the plain language of the statute. For example, Judge Waldron, in *In re Sorrell,* 359 B.R. 167 (Bankr. S.D. Ohio 2007), drafted a very careful and well-reasoned decision with respect to Section 707(b)(2)(A)(iii)(I) and found that the plain language of the statute allows for debtors to deduct an expense for collateral even though the collateral will be surrendered because the payments are still contractually due. *See id*. at 183-84. What is more, the Court noted that the filing of a bankruptcy petition does not affect whether payments are contractually due. *Id*. at 184. In addition, "[t]he intent to surrender a vehicle, by itself, also does not change the contractual obligations." *Id*. at 184-85.

In <u>In re Graham</u>, 363 B.R. 844 (Bankr. S.D. Ohio 2007), Judge Preston followed the decision in *In re Sorrell,* and held, "suffice it to say that for all of the reasons articulated and explained in [Judge Waldron's] well-written and well-considered opinion, this Court finds that § 707(b)(2)(A)(iii)(I) requires that the Debtors include the contractual payments for the real estate in the calculation of disposable income on Form 22." *Id*. at 849.

In <u>In re Simmons</u>, 357 B.R. 480, Judge Shea-Stonum arrived at the same conclusion as Judge Waldron by using the plain language of the statue. *Id*. at 484. Judge Shea-Stonum noted,

> Because a debtor's contractual liability is not eliminated upon the filing of a bankruptcy petition, Congress's use of the words "scheduled as contractually due"

suggests that, for purposes of § 707(b)(2)(A)(iii)(I), a debtor may deduct from his "current monthly income" the total of all payments that are, as of the time of the filing, due in each of the 60 months following the petition date on any secured debt that is rightfully listed on Schedule D regardless of whether debtor will remain liable on such debt in the future. *See* In re Walker, 2006 Bankr. LEXIS 845, 2006 WL 1314125 (Bankr. N.D. Ga. May 1, 2006). *But see* In re Skaggs, 349 B.R. 594, 2006 WL 2529510 (Bankr. E.D. Mo. 2006). To read into this provision some qualification based upon only a possible post-petition modification of secured debt that is otherwise contractually due on the petition date would go beyond the clear and plain meaning of the statute.

*Id*. at 485.

In In re Zak, 361 B.R. 481 (Bankr. N.D. Ohio 2007), Judge Woods cited to *Simmons* and noted "Debtors are entitled to take deductions for secured debt relating to the Real Estate." *Id*. at 487.

Each of the above-cited cases centered on whether the debtor could claim the deduction on the Form B22C even though the debtor intended to surrender the collateral post-petition. To arrive at the answer, each case analyzed 11 U.S.C. § 707(b)(2)(A)(iii)(I) using a plain language approach. Thus, the question remains, whether the same plain language approach would apply when the debtor moves out of a home pre-petition. It would seem illogical to use a plain language approach to the statute in one factual instance and another approach in a different factual instance. To do so would be to ignore the plain language.

In In re Haar, 360 B.R. 759 (Bankr. N.D. Ohio 2007),[1] Judge Speer, answered the question holding, "it then becomes but a short step to reach this logical conclusion: a debtor's surrender of collateral, <u>either before</u> or after a bankruptcy petition is filed, has no effect on whether, under § 707(b)(2)(A)(iii)(I), payments are 'contractually due' to secured creditors following the petition date." *Id*. at 764 (emphasis added).

---

[1] *See id*. at 763, n.3 for a list of cases analyzing Sec. 707(b)(2)(A)(iii)(I).

This Court in In re Augenstein, No. 06-13867, (Bankr. N.D. Ohio 2007), when confronted with a similar issue, cited to and agreed with the reasoning in In re Graham, No. 06-54764, In re Zak, 361 B.R. at 484-87, In re Haar, 360 B.R. 759, In re Sorrell, 359 B.R. at 184-87, and In re Simmons, 357 B.R. at 487. Each of these cases either used a plain language analysis or followed existing case law that used a plain language analysis of Sec. 707(b)(2)(A)(iii)(I).

**III.     Conclusion**

In conclusion, no prepetition action by Mr and Mrs McCrann has affected or could affect the contractual obligations between them and the mortgage lender or the lender on the Mustang. Simply walking away, and even voluntarily surrendering real or personal property, does nothing to affect the secured creditors' collection rights on the contract. Therefore, Mr. and Mrs. McCrann respectfully request that the trustee's objection to plan confirmation be overruled.

Respectfully submitted,

/s/Susan M. Gray (0062356)
Susan M. Gray, Attorney at Law
21330 Center Ridge # 11
Rocky River, OH  44116
440-331-3949
440-331-8160
smgray@smgraylaw.com

Service list

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Scott D. Fink    ecfndoh@weltman.com
- Susan M Gray    ecf@smgraylaw.com, smgray@sbcglobal.net
- Stacey A O'Stafy    bankruptcy@mdk-llc.com
- Craig H Shopneck    ch13shopneck@ch13cleve.com

No service by regular United States Mail

/s/Susan M. Gray
Attorney for Mr. and Mrs. McCrann